IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| RUSTIN C. HARVEY, | |
| Petitioner, | **8:20CV411** |
| vs. | |
| MICHAEL MYERS, | **MEMORANDUM AND ORDER** |
| Respondent. | |

    This matter is before me on initial review of Petitioner Rustin C. Harvey's ("Harvey" or "Petitioner") Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2241.¹ (Filing 1.) For purposes of this initial review, I will consider Harvey's Motion for a Preliminary Injunction (filing 6) as supplemental to the petition. For the reasons discussed below, I will dismiss Harvey's petition without prejudice.

## I. BACKGROUND

    Harvey is a state pretrial detainee confined at the Douglas County Department of Corrections in Omaha, Nebraska. Documents attached to Harvey's motion for a preliminary injunction show that his criminal proceedings are pending before the Douglas County Court of Nebraska in *State v. Rustin C. Harvey*, No. CR18-18782, and I take judicial notice of the state court records in that case.² *See*

---

¹ I conduct this initial review of the petition pursuant to 28 U.S.C. § 2243 and Rule 1(b) of the *Rules Governing Section 2254 Cases in the United States District Courts* which allows the court to apply Rule 4 of those rules to a section 2241 action.

² Nebraska's judicial records may be retrieved on-line through the JUSTICE site, https://www.nebraska.gov/justice/case.cgi.

*Stutzka v. McCarville*, 420 F.3d 757, 760 n.2 (8th Cir. 2005) (court may take judicial notice of judicial opinions and public records).

Condensed and summarized, Harvey alleges violations of his rights to be free from excessive bail, to access the courts,[3] and to due process of law all stemming from the revocation of his previously posted bond. Specifically, Harvey alleges he is

> being illegally detained/denied release after having posted $2000 . . . on bail June 21st 2020. The Petitioner contends that the Court has errored where the Court has had Petitioner arrested/revoked Defendant[']s previously posted $2000 dollars bond and increased bond amount to seventy five thousand dollars, seven and one half times the customary amount for a nonviolent victimless charge of Possession of a Controlled Substance where no charge for failure to appear have been filed and no showing of a violation of a condition of release.

(Filing 1 at CM/ECF p. 1 (spelling and capitalization corrected).) Harvey further claims that he has been denied the opportunity to challenge the state court's decision to revoke his bond because the state court fails to hold a bond hearing or offer any reason for the revocation.

An examination of Harvey's state court records shows that he posted a $20,000 ten percent bond, or $2000, on June 22, 2020. On June 30, 2020, Harvey appeared in the county court and was ordered to appear on July 17, 2020 for a

---

[3] In his motion for preliminary injunction, Harvey complains that he has been denied access to the Douglas County Department of Corrections' law library and has not received legal mail from the county court. (Filing 6 at CM/ECF pp. 3–4.) To the extent Harvey seeks relief for these alleged violations of his right to access the courts, he must bring such claims in an action under 42 U.S.C. § 1983 as they are not the proper subject of a habeas action. *See Muhammad v. Close*, 540 U.S. 749, 750 (2004) ("Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus, *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973); requests for relief turning on circumstances of confinement may be presented in a § 1983 action.").

preliminary hearing. Harvey failed to appear at the July 17, 2020 preliminary hearing, a bench warrant issued, and his $2000 bond was ordered forfeit. The bench warrant was served on Harvey on August 19, 2020, and he was taken into custody. Harvey appeared before the county court on August 20, 2020, probable cause for his detention was found, and his bond was set at $75,000 ten percent after the court specifically considered the factors set forth in Neb. Rev. Stat. § 29-901.01.[4] On October 7, 2020, Harvey appeared pro se with the public defender acting as stand-by counsel on his motion to reinstate his forfeited bond, which the county court granted. On October 20, 2020, Harvey again appeared with appointed stand-by counsel and a preliminary hearing was held. The county court found probable cause for Harvey's detention and bound the case over to district court. The county court continued Harvey's $75,000 ten percent bond and expressly applied his previously posted $20,000 ten percent bond towards it.

## II. DISCUSSION

The Eighth Amendment provides that: "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S.

---

[4] Section 29-901.01 provides:

> In determining which condition or conditions of release shall reasonably assure appearance and deter possible threats to the safety and maintenance of evidence or the safety of victims, witnesses, or other persons in the community, the judge shall, on the basis of available information, consider the defendant's financial ability to pay in setting the amount of bond. The judge may also take into account the nature and circumstances of the offense charged, including any information to indicate that the defendant might engage in additional criminal activity or pose a threat to himself or herself, yet to be collected evidence, alleged victims, potential witnesses, or members of the general public, the defendant's family ties, employment, the length of the defendant's residence in the community, the defendant's record of criminal convictions, and the defendant's record of appearances at court proceedings or of flight to avoid prosecution or of failure to appear at court proceedings.

Neb. Rev. Stat. § 29-901.01 (West).

Const. amend. VIII. "[P]risoners are entitled to habeas corpus relief for excessive bail only when the state court acted with 'legal arbitrariness in the administration of the bail right provided.'" *Senty-Haugen v. Dingle*, No. 02-0574, 2002 WL 1347325, at \*2 (D. Minn. June 18, 2002) (quoting *Mastrian v. Hedman*, 326 F.2d 708, 711 (8th Cir. 1964)).

However, federal courts should not interfere, absent extraordinary circumstances, with a state's "pending judicial processes prior to trial and conviction, even though a prisoner claims he is being held in violation of the Constitution." *Sacco v. Falke*, 649 F.2d 634, 636 (8th Cir. 1981) (internal quotation omitted). "Despite the absence of an exhaustion requirement in the statutory language of section 2241(c)(3), a body of case law has developed holding that although section 2241 establishes jurisdiction in the federal courts to consider pre-trial habeas corpus petitions, federal courts should abstain from the exercise of that jurisdiction if the issues raised in the petition may be resolved either by trial on the merits in the state court or by other state procedures available to the petitioner." *Dickerson v. State of La.*, 816 F.2d 220, 225 (5th Cir. 1987) (citing cases).

Abstention here is appropriate because Harvey is involved with ongoing state criminal proceedings and his allegations and state court records do not show that he exhausted his state court remedies. *See Hampton v. City of St. Louis*, No. 4:20-CV-966-CDP, 2020 WL 5411210, at \*4–5 (E.D. Mo. Sept. 9, 2020) (dismissing excessive bail claims raised pursuant to § 2241 for failure to exhaust). Harvey's previously posted bond has been reinstated and applied towards his current $75,000 ten percent bond. Thus, to the extent Harvey is challenging the county court's failure to reduce his bond to the prior $20,000 ten percent amount, "the appropriate form of relief from denial of a motion to reduce bail claimed to be excessive is by habeas corpus" in the state court. *State v. Kula*, 579 N.W.2d 541, 550 (Neb. 1998); *see also Kennedy v. Corrigan*, 100 N.W.2d 550 (Neb. 1960) (Where bail in a criminal prosecution has been fixed and a request to a district court for reduction has been denied, defendant may resort to habeas corpus to

4

review discretion of the district court and is not limited to remedy of appeal from ruling of the district court.)

I further find that Harvey's assertions do not constitute "special" or "extraordinary" circumstances that require intervention by the court. *See, e.g.*, *Benson v. Superior Court Dept. of Trial Court of Mass.*, 663 F.2d 355 (1st Cir. 1981) (the specific double jeopardy claim alleged was not extraordinary given the lack of exhaustion); *Howell v. Childrey*, No. 4:19-CV-174 JMB, 2019 WL 1207867, at *3–4 (E.D. Mo. Mar. 14, 2019), *reconsideration denied*, No. 4:19-CV-174 JMB, 2019 WL 1993788 (E.D. Mo. May 6, 2019) (concluding petitioner failed to establish any "special circumstances" that would allow him to avoid the exhaustion requirement where petitioner failed to have his bond conditions reviewed by Missouri's appellate courts pursuant to Missouri's Supreme Court Rules). Because it "plainly appears from the petition . . . that [Harvey] is not entitled to relief," *see* Rule 4 of the *Rules Governing Habeas Corpus Cases*, I will dismiss the petition without prejudice.

Because "the detention complained of arises from process issued by a state court," Harvey must obtain a certificate of appealability. *See* 28 U.S.C. § 2253; Fed. R. App. P. 22(b)(1); *see also Hoffler v. Bezio*, 726 F.3d 144, 153 (2d Cir. 2013) (collecting cases of courts that ruled a state prisoner who petitions for habeas relief under 28 U.S.C. § 2241 must obtain a certificate of appealability). The standards for certificates (1) where the district court reaches the merits or (2) where the district court rules on procedural grounds are set forth in *Slack v. McDaniel*, 529 U.S. 473, 484–85 (2000). I have applied the appropriate standard and determined that Harvey is not entitled to a certificate of appealability.

IT IS THEREFORE ORDERED that:

1. The petition for writ of habeas corpus (filing 1) is dismissed without prejudice. No certificate of appealability has been or will be issued.

2. Petitioner's pending motion for a preliminary injunction (filing 6) is denied as moot.

3. The court will enter judgment by separate document.

Dated this 21st day of October, 2020.

BY THE COURT:

*Richard G. Kopf*

Richard G. Kopf
Senior United States District Judge